LOTTINGER, Judge.
This matter is before us on an appeal taken by plaintiff from a judgment of the Lower Court which dismissed her suit against her husband’s insurer, American Fire and Casualty Company, for personal injuries received by her in an automobile accident.
There is no dispute as to the following facts: The accident occurred on Sunday, December 13, 1959, at about 3:00 o’clock in the afternoon. The plaintiff at the time was a passenger in an automobile driven by her husband in a southerly direction on Louisiana Highway No. 21 near the City of Bogalusa, Louisiana. Highway 21 is a two-lane hardsurfaced road which runs generally in a north-south direction. It is intersected at right angles by North Border Drive which runs generally in an east-west direction. There are stop signs on North Border Drive at the intersection, thus giving the right of way to vehicles traveling on Highway No. 21. Just previous to the accident, one Fred E. Stewart was driving a dump truck in an easterly direction on *172 North Border Drive. The accident occurred when he failed to obey the stop sign, entered the intersection and collided with the car in which the plaintiff was riding.
While the petition levels several charges of negligence against plaintiffs husband, the principal one relied on was his failure to see the approaching truck. The record. shows, without doubt, we think, that the truck approached the intersection at a slow rate of speed. Dr. S. E. Crain, who had been driving his vehicle eastward on North Border Drive a very short distance behind the Stewart truck, estimated its speed at about IS miles per hour. It was stipulated that the testimony of Stanley Crain, who was a passenger in Dr. Crain’s vehicle, if called to testify would be substantially the same as that given by the latter.
Mr. A. M. Cesario testified that just previous to the accident he too was traveling east on North Border Drive “right behind” the pickup truck of Dr. Crain. When questioned with regard to the speed of the dump truck he answered: “It was very slow. I don’t know, 20 or 25 miles an hour. It was just easing along, Sunday afternoon driving.” ;
The plaintiff herself stated that she first saw the dump truck when it was about 30 feet from the intersection at which time she did not think it was going fast and, further, that she thought it was going to stop.
There is no proof whatever that plaintiff’s husband was traveling at an excessive rate. He himself testified that it was “moderate” and in his statement, introduced into evidence as “D-7”, he stated that he “was driving in a normal careful manner not exceeding the speed limit”. Dr. Crain estimated Mr. Seal’s speed as being about 30 miles per hour and Mr. Cesario estimated it about 35 miles per hour.
Counsel for appellant contends that Mr. Seal was guilty of negligence in failing to stop or take other action to avoid the accident when plaintiff screamed that the truck was not going to stop. By the plaintiff’s own testimony, however, she did not give warning of the truck’s approach until it was actually entering the intersection. The following is her testimony in this respect :
“Q. When you yelled it wasn’t when he passed where the stop sign was but it was when he was actually entering the intersection, is that correct?
“A. Yes.”
******
“Q. Your first cause for alarm was when you saw the dump truck was coming into the intersection without stopping?
“A. Yes sir.”
Mr. Cesario testified that the Seal vehicle was only about 20 feet from the dump truck when it entered the intersection. Dr. Crain estimated the distance as being between 15 and 30 feet. Mr. Seal testified that he was 50 or 60 feet from the truck. In his statement, however, he related that “I was either just entering the intersection or was just a few feet from the intersection — I can’t be sure — when my wife yelled ‘Look out that truck’s not going to stop’ ”. He also gave the following testimony:
“Q. Did you ever become aware of the fact that there was a collision about to occur before the actual collision took place?
“A. Yes sir, I remember that my wife said ‘Look out Hon, that man is going to hit you’ but it seems to me in about the same instant the accident happened.”
The record convinces us, as it did the Trial Judge, that Mr. Seal was not guilty of negligence contributory to the accident. His failure to see the dump truck beforehand is of no moment for, even if he had seen it, under the holding of the Supreme Court in Koob v. Cooperative Cab Co., et al., 213 La. 903, 35 So.2d 849, he had the *173 right to assume that the driver from the less favored street would observe the law and bring his car to a stop before entering the intersection and, further, he had the right to indulge in that assumption until he should have seen that the truck driver was not going to obey the law. When the plaintiff herself realized that the truck was unlawfully entering the intersection it was simply too late for her husband to do anything to avoid the accident. The Trial Judge’s conclusions are correct and the judgment appealed from is therefore affirmed.
Judgment affirmed.